"Hence it is an imperative rule that previous to making application for a writ to command the performance of any particular act, an express and distinct demand or request to perform it must have been made by the relator or prosecutor upon the defendant, and it must appear that he refused to comply with such demand, either in direct terms or by conduct from which a refusal can be conclusively inferred." (*United States* v. *Boutwell*, 84 U. S., 607. See also 2 Bouvier's Law Dictionary, p. 303, and cases there cited.)

To our minds this decision of the Supreme Court is conclusive, and we need go no further to find substantial grounds for our decision in this case.

No demand nor refusal to perform the duty claimed to be incumbent upon him has been shown or alleged in the application in this case. It may very well be that the supervisor of elections, had his attention been called to the matter, would have replaced the names of the petitioners upon the list of voters, and this suit would have been unnecessary. At any rate, before he can be brought into court and required to show cause why he has not done a particular act, he must be given the option of doing it or refusing to do it, as the law requires.

For the reasons stated the petition herein does not show a cause of action and the relief sought cannot be granted.

*Denied.*

Chief Justice Quiñones and Justices Hernández, Figueras and Wolf concurred.

———————————

Ex Parte Mila.

Application for a Writ of *Habeas Corpus.*

No. 8.—Decided November 5, 1906.

Habeas Corpus—Fine—Imprisonment.—The discharge of a prisoner under *habeas corpus* proceedings cannot be conditional or alternative, and therefore where an application for the writ is based on the ground that the peti-

tioner having been imprisoned for failure to pay a fine, he has a right to be discharged upon paying the fine to cover that part of his imprisonment still to be served, computed according to the rate fixed by the law, must be denied unless it appears that the corresponding amount of the fine has been paid, or that it has been legally deposited.

The application was presented to Mr. Justice Figueras at chambers.

The facts are stated in the opinion.

*Mr. Miguel Guerra* for petitioner.

*Mr. Rossy, fiscal,* for The People.

Mr. JUSTICE FIGUERAS delivered the opinion of the court.

Even in the supposition that sections 54 and 322 of the Code of Criminal Procedure could be construed as has been done by the petitioner—that is to say, as meaning that upon his paying at the rate of 50 cents for each day he has yet to serve, the prisoner should be released—the result would always be that at the present moment his imprisonment is legal, because it does not appear that the portion of the fine to which he refers has been paid, nor that said fine has been satisfied in the proper legal manner. A release cannot be decreed in a conditional or alternative form. The release of the petitioner, Luís Mila, cannot be granted, and he is ordered to remain under the custody of the warden of the municipal jail of San Juan, Pedro Parés, who conducted him here, with costs against the petitioner.

---

THE PEOPLE *v.* GALLART.

APPEAL from the District Court of Guayama.

No. 31.—Decided November 7, 1906.

APPEAL—TRIAL—POSTPONEMENT THEREOF.—The granting of motions for the postponement of trials is largely discretionary with the trial court, and its decision thereon will not be modified by the appellate court unless there has been a manifest abuse of that discretion.